UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff,*<br><br>   v.<br><br>AMY WINSLOW,<br>MOHAMMAD HOSSEIN MALENKIA, and<br>REBA DAOUST,<br><br>        *Defendants.* | Case No. 1:23-cr-10094-PBS<br><br>**Leave to File Granted on 4/19/24** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
COMPEL PRODUCTION OF MATERIAL PURSUANT TO
<u>FEDERAL RULE OF CRIMINAL PROCEDURE 16 AND LOCAL RULE 116.1</u>**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................1

    A.    The Requested Documents Are Material Under Rule 16 .........................................1

    B.    The Government Admits That the FDA Regulatory Employees Were Part of its Criminal Investigation and that it Already Controls Those FDA Documents .................................................................................................................4

CONCLUSION.......................................................................................................................6

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*United States v. Ellison*,
  527 F. Supp. 3d 161 (D.P.R. 2021) ............................................................................................4

*United States v. Goris*,
  876 F.3d 40 (1st Cir. 2017) ........................................................................................................2

*United States v. Gupta*,
  848 F. Supp. 2d 491 (S.D.N.Y. 2012) ........................................................................................4

**STATUTES**

FOIA ..........................................................................................................................................4, 6

**RULES**

Fed. R. Crim. P.
  16...........................................................................................................................................1, 2, 3
  16(a)(1)(E)(i)................................................................................................................................2

## INTRODUCTION

The government's opposition ignores the Defendants' arguments. More troublingly, though, the government also ignores the key facts and documents supporting the Defendants' motion. Those facts show both (1) why the federal agency documents that are the subject of the motion are material and (2) why those documents are plainly within the government's control. For the reasons set forth below and in the Defendants' motion, the Court should compel the government to produce the FDA[1] and CDC documents that are critical to the defense, certainly exist, and are within the government's control.

## ARGUMENT

Nothing in the government's opposition changes the analysis set out in the Defendants' motion. Dkt. No. 91. The documents that the Defendants seek are material under Rule 16 and are within the government's control.

### A. The Requested Documents Are Material Under Rule 16

The government's materiality argument misses the point entirely. The FDA's and CDC's corpus of knowledge are material to the defense for several reasons, *including* that the agencies' respective knowledge has a direct logical relationship to the Defendants' lack of criminal intent. Documents reflecting the FDA's and CDC's knowledge provide a critical lens through which to examine questions of the Defendants' intent. Try as it might, the government cannot rebut the common sense conclusion that, in a case centered on the accuracy and timing of disclosures, information about what was disclosed, to whom, and when, as well as how the agencies responded to that material, is discoverable.

---

[1] All capitalized terms not defined herein have the meaning given in the motion (Dkt. No. 91).

1

Indeed, relevant evidence includes documents showing that the FDA or CDC knew of the Incubation Issue in 2014 but did not request more information or otherwise believe that the alleged malfunction could harm patients. The Defendants intend to argue that any lack of disclosure was indicative of an opaque, muddled regulatory landscape—not criminal intent. The government's own inaction after the 2014 disclosure corroborates that the regulations were unclear.

In misconstruing the Defendants' arguments, the government also wrongly equates the Rule 16 materiality standard with the *Brady* materiality standard. *See* Opp. (Dkt. No. 97) at 10 (quoting *United States v. Goris*, 876 F.3d 40, 44-45 (1st Cir. 2017)). The government attempts to cabin Rule 16 materiality to exculpatory documents, but the First Circuit is clear that documents are material under Rule 16, even if not exculpatory, so long as the requested documents may "uncover[] admissible evidence, aid[] witness preparation, corroborat[e] testimony, or assist[] impeachment or rebuttal." *Goris*, 876 F.3d at 45. Nor does the government have any support for its assertion that the Defendants must offer a concrete theory of *admissibility* for documents that have wrongly been withheld by the government. *See* Opp. at 14. And for good reason, because the government's discovery obligations are not limited to admissible evidence. *See* Fed. R. Crim. P. 16(a)(1)(E)(i) (applying disclosure obligations if "the item is material to preparing the defense," regardless of its admissibility).

Here, the evidence of the FDA's and CDC's knowledge about Magellan's LeadCare Devices, including when they acquired that knowledge, will corroborate anticipated testimony rebutting the government's argument that the Defendants acted with the requisite intent, unless the government is permitted to hide the documents. Such documents fit neatly within the scope of what the Defendants are requesting here.

The government's attempted distinction between the FDA and CDC is also meaningless as it relates to the Defendants' intent. *See* Opp. at 14.  Evidence of what Magellan told the CDC is directly relevant to the Defendants' lack of criminal intent because disclosing the information to a government agency undermines any argument that the Defendants were attempting to hide information from the government.  Indeed, even on the government's skewed theory of the Rule 16 standard, evidence of what the CDC knew about the LeadCare Devices—and when the CDC knew it—falls squarely within the zone of materiality.

In a bald-faced effort to avoid disclosing information that could help the defense, the government's opposition also fails to acknowledge key facts raised in the Defendants' motion.  For example, the opposition ignores that one of the FDA's highest-ranking officials, Jeff Shuren, the Director of the FDA's Center for Devices and Radiological Health, *admitted* that the FDA knew about the Incubation Issue in 2014—a fact that directly contradicts the allegations in the Indictment. *Compare* Ex. 2[2] at 1 *with* Indictment ¶ 55.  The facts cited in the Defendants' motion, which are not based on speculation, but on specific documents and statements the Defendants painstakingly identified in the motion, support the Defendants' requests for agency documents. *See, e.g.*, Exs. 1-2, 19-21, 24-25, 26-27, 30, 33, 39-40.  Far from a fishing expedition, the Defendants' requests are both proportional to the sweeping nature of the government's allegations and tied directly to the few breadcrumbs of information provided by the government.  The Court should not hesitate to conclude that the requested agency documents are material under the First Circuit's standard.[3]

---

[2] All "Ex." citations are to the March 26, 2024 Declaration of Nathan A. Sandals (Dkt. No. 91-1).

[3] After investigating this case for eight years, the government criticizes the Defendants for "waiting" to bring this motion.  This is simply incorrect.  As noted in the motion, the Defendants issued the requests to the government shortly after the FDA confirmed in January 2024 that it

## B. The Government Admits That the FDA Regulatory Employees Were Part of its Criminal Investigation and that it Already Controls Those FDA Documents

In a last-ditch effort to avoid disclosing documents that will undercut its trumped-up charges, the government asserts that FDA regulatory employees played no part in the criminal investigation of Magellan and the Defendants. But the government can only run so far from the facts. As the government acknowledged, staff of various FDA regulatory units joined and participated in the criminal investigation. *See* Opp. at 8 (describing participation of FDA Consumer Safety Officer in criminal investigation). The government's half-hearted attempt to explain away this fact ("that CSO was not present as a criminal investigator") is entirely unsupported and meaningless under any objective standard. *See id.* Moreover, courts have been clear that "where the Government and another agency decide to investigate the facts of a case together," the government "has an obligation to review the documents arising from those joint efforts to determine whether" information must be disclosed to the defendant(s). *United States v. Gupta*, 848 F. Supp. 2d 491, 495 (S.D.N.Y. 2012). Here, the record demonstrates that the prosecution and the FDA worked as a team in the investigation that led to the Indictment. The records requested by Defendants must therefore be disclosed. *See United States v. Ellison*, 527 F. Supp. 3d 161, 166 (D.P.R. 2021) (factors for determining whether a joint investigation existed include "the extent to which the two agencies are working as a team and are sharing resources").

---

would not produce records responsive to the Defendants' FOIA requests until ***after*** the trial in this case. Mot. at 2. Moreover, as the government knows, the Defendants have received voluminous discovery. Review of that discovery—to understand which documents were produced and which are outstanding—took time. Contrary to the government's statements, the Defendants' motion is anything but a blind fishing expedition, and such fact is supported by the careful evidentiary review required to prepare the motion, including the dozens of exhibits supporting the Defendants' arguments, as well as statements from the FDA that it would take 18 to 24 months to provide the Defendants thousands of documents in response to their timely FOIA requests. *See* Ex. 36.

In seeking to avoid its disclosure obligations, the government again misstates the facts of this case, claiming that the OCI did not commence its criminal investigation until *after* the FDA recalled the LeadCare Devices and conducted a regulatory inspection of Magellan. *See* Opp. at 7. The government's claim ignores documents identified in Defendants' motion that show that OCI's involvement began no later than May 2017—before the regulatory inspection of Magellan concluded. *See* Ex. 34. If the government had a factual basis for its contention that the regulatory investigation and criminal investigation were not coextensive and inextricably connected, that basis would likely be in the OCI case initiation report for the Magellan investigation. The Defendants requested that document. *See* Ex. 10 at Request 36. The government refused to produce it. The compelling indicia of FDA regulatory involvement in the government's criminal investigation set forth in Defendants' motion support a finding that the government has custody over the requested agency documents. There is nothing to support the government's contention.

But even if there were no overlap between the FDA's regulatory and criminal investigative teams, the government's opposition concedes that the prosecution team has control over the FDA's regulatory documents. The government admits that it collected documents from FDA regulatory employees from January 2012 to June 2020. Opp. at 8. Although the government contends that the agency provided documents dating from August 2013, *see id.*, the opposition does not explain why no FDA internal emails have been produced from before February 2017, *see* Mot. at 4. The only logical conclusion is that the prosecution team is withholding material FDA documents that are already *in its custody*. More broadly, though, the facts of the government's prior request and collection make clear that the prosecution team has control over the full corpus of FDA regulatory documents. *See* Opp. at 8. The Court should not permit the government to now do an about-face and say it does not have custody over the requested documents.

5

Finally, even if the government did not already have custody and control over the FDA documents that the Defendants requested, the government is wrong in equating this case to one in which anyone would have to spend weeks or months searching for the documents. *See* Opp. at 12-13. Though the government ignores these facts in its opposition, the FDA and CDC have already searched for and determined the scope of the documents subject to the Defendants' requests. *See* Mot. at 20; *see also* Exs. 36-37, 41. The government's only burden here would be asking the agencies for the documents already flagged as responsive to the Defendants' FOIA requests and producing them to the Defendants. That is not too much to ask, and the Court should reject the government's hyperbole.

## CONCLUSION

For the foregoing reasons and those stated in the Defendants' Motion, the Defendants respectfully request that the Court grant the Defendants' motion and order the government to disclose the documents requested in Defendants' February 1, 2024 discovery letter.

Dated: April 19, 2024

Respectfully submitted,

AMY WINSLOW,

By her attorneys,

/s/ Terra Reynolds
William J. Trach (BBO# 661401)
David C. Tolley (BBO# 676222)
Nathan A. Sandals (BBO# 696032)
Patricia Amselem (BBO# 705088)
Latham & Watkins LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
william.trach@lw.com
david.tolley@lw.com
nathan.sandals@lw.com
patricia.amselembensadon@lw.com

Terra Reynolds (*pro hac vice*)
Latham & Watkins LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
terra.reynolds@lw.com

MOHAMMAD HOSSEIN MALEKNIA,

By his attorneys,

/s/ George W. Vien
George W. Vien (BBO# 547411)
Michelle R. Pascucci (BBO# 690889)
Emma Notis-McConarty (BBO# 696405)
Donnelly, Conroy, and Gelhaar LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: 617-720-2880
gwv@dcglaw.com
mrp@dcglaw.com
enm@dcglaw.com

REBA DAOUST

By her attorneys,

/s/ Laura B. Angelini
Michael J. Connolly (BBO# 638611)
Laura B. Angelini (BBO# 658647)
Tara A. Singh (BBO# 697128)
Hinckley Allen
28 State Street
Boston, MA 02109-1775
Telephone: 617-345-9000
mconnolly@hinckleyallen.com
langelini@hinckleyallen.com
tsingh@hinckleyallen.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those identified as non-registered participants on April 19, 2024.

/s/ Terra Reynolds
Terra Reynolds