UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) AMY WINSLOW,<br>(2) MOHAMMAD HOSSEIN MALEKNIA,<br>and<br>(3) REBA DAOUST,<br><br>                      Defendants. | Case No. 23-cr-10094-PBS |

**JOINT STATUS REPORT**

Pursuant to Local Rule 116.5(c), the parties hereby file the following joint status report prepared in connection with the status conference scheduled for May 29, 2024.

(1)    No Request for Rule 11 Hearing

No defendant requests that the case be transferred to the District Court for a Rule 11 hearing.

(2)    Pretrial Conference Before the District Court

The Hon. Patti B. Saris conducted an Initial Status Conference on August 16, 2023, and issued a Pretrial Order on September 11, 2023 (Dkt. 56), which set a trial date of September 16, 2024. On March 5, 2024, Judge Saris issued an Amended Pretrial Order (Dkt. 87) (the "Amended Pretrial Order"), which extended the dates for expert disclosures but kept the remaining dates, including the September 16, 2024 trial date, in place.

On April 18, 2024, the defendants filed a motion to enforce the Amended Pretrial Order (Dkt. 104, 119), which the government opposed (Dkt. 114). The motion is pending with the Court. The Defendants request that the status conference currently scheduled for May 29, 2024, be converted to a motion hearing as to this motion.

(A)    Discovery Produced

*Government's Position*

The government has produced all discoverable material and information in the possession, custody, or control of the government under Local Rule 116(c). In total, the government's productions have included more than two million Bates-stamped

pages and files. With each production, the government produced an index describing the type and origin of documents pursuant to Local Rule 116.10. Although it exceeded the government's obligations under federal and local rules, the government produced the following materials to narrow the issues and identify the relevant documents within the voluminous production: grand jury exhibits, law enforcement reports of potential witnesses, grand jury testimony of potential witnesses, and all immunity and proffer agreements, irrespective of whether the government intends to call the individual in its case-in-chief.

The government is aware of its ongoing obligation to produce discovery.

With its May 4, 2023, production, the government requested reciprocal discovery from the defendants; no such discovery has been produced at this time.

*Defendants' Position*

The defendants acknowledge that the government has produced certain categories of discovery in advance of their obligations to do so under the Federal Rules of Criminal Procedure and Local Rules for the District of Massachusetts. However, based on the defendants' ongoing review of discovery, the defendants contend that the government has failed to produce significant relevant materials that are required to be disclosed under the rules and pursuant to the government's constitutional obligations. The deficiencies in the government's productions to date were reflected in defendants' February 1, 2024 discovery letter. The government responded to that letter on February 29, 2024. On March 1, 2024, the government produced few additional documents and no FDA internal communications and documents, or internal FDA materials related to the FDA's investigation of the defendants, Magellan Diagnostics, and Becton Dickinson. As a result, on March 26, 2024, after conferring with the government, the defendants filed a motion to compel (Dkt. 91). That motion is fully briefed, and the Court heard argument at the status conference held on April 25, 2024 (Dkt. 111). Pursuant to the Court's order at the status conference, the parties filed a status report concerning the motion to compel on May 3, 2024 (Dkt. 115). Following the April 25, 2024, hearing, the defendants made an initial, narrowed request for FDA documents. To date, the government has not produced any documents in response to this request.

Further discovery requests and motion practice may be necessary, regardless of the outcome of the pending motion to compel or any subsequent productions.

(B)  Discovery Requests and Timing of Additional Discovery Requests

Defendants requested additional discovery by letter dated May 19, 2023, which the government responded to by letter dated June 2, 2023 and in productions dated May 24, June 2, and June 23, 2023.

Defendants requested additional discovery by letter dated June 12, 2023, which the government responded to by letter dated June 26, 2023 and in a production dated July 21, 2023.

Defendants requested additional discovery by letter dated July 28, 2023, which the government responded to by letter dated August 11, 2023 and in productions dated August 14 and August 29, 2023.

Defendants requested additional discovery by letter dated August 10, 2023, which the government responded to by letter dated August 24, 2023.

Defendants requested additional discovery by letter dated October 16, 2023, which the government responded to by letter dated October 30, 2023 and in productions dated October 31 and November 14, 2023.

Defendants requested additional discovery by letters dated February 1 and February 14, 2024, which the government responded to by letter dated February 29, 2024 and in a production dated March 1, 2024.

On March 25, 2024, defendants requested that the government identify any alleged victims by a date certain. The government responded by email on March 29, 2024. The parties' dispute regarding the timing of identification of any alleged victims is the subject of the defendants' pending motion to enforce the Amended Pretrial Order (Dkt. 104, 114, 119).

The defendants remain in the process of reviewing the government's discovery produced to date and are evaluating the need for any additional requests.

*Government's Position*:

Any additional discovery requests shall be made, or discovery motions shall be filed, by May 31, 2024.

*Defendants' Position*:

In light of the outstanding response to the defendants' initial narrowed request for FDA documents following the April 25, 2024 hearing on the motion to compel, the government's ongoing production of documents that are not the subject of the pending motion to compel, and because the motion to compel remains pending, it is premature to set a final date for discovery motions or requests. Instead, the defendants request a further status conference in 30 days.

(C) Motions Under Fed. R. Crim. P. 12(b)

No dispositive or severance motions were filed on or before the December 4, 2023 deadline. *See* Dkt. 69.

(D) <u>Periods of Excludable Delay under the Speedy Trial Act</u>

The Court has previously excluded the time from April 4, 2023 until May 29, 2024 (Dkt. 15, 29, 39, 47, 63, 67, 74, 79, 96, 113). The Pretrial Order excluded all time until September 16, 2024, pursuant to 18 U.S.C. §3161(h)(7)(A), in the interests of justice, *e.g.,* review of the case, review of evidence, investigation, evaluation of discovery and dispositive motions, and consideration of alternatives concerning how best to proceed with this matter, support the requested exclusion of time.

(E) <u>Estimated Length of Trial</u>

The government estimates its case in chief will take 20-25 trial days, including cross examination by the defendants. The defendants estimate that their defense case will take 6-8 trial days.

With respect to the defendants' pending motion to compel (Dkt. 91), and pursuant to the Court's order of May 8, 2024 (Dkt. 116), the parties respectfully report as follows.

As previously reported, the defendants submitted to the government a narrower discovery request, which the government communicated to counsel for the FDA. *See* Dkt. 115. The FDA has identified custodians for the requested documents, and the government provided the FDA's custodian list to the defendants on May 23, 2024. The defendants are reviewing the custodian list that the government provided and reserve the right to seek documents from additional custodians. According to the government, the FDA is now working to collect documents from these custodians and has estimated that its collection will take approximately two to four weeks for custodians who remain employed by the FDA, and possibly longer for those who are no longer with the agency.

As the documents are collected, search terms will be applied. As previously reported, the parties are working toward an agreed-upon set of search terms. The defendants provided a proposed set of search terms, which the government has passed along to the FDA. The FDA intends to run the defendants' proposed search terms across its collection to garner a "hit report," at which point the parties will have a better sense of the volume of potentially relevant documents. Based on the hit report, it may be necessary to modify the defendants' proposed search terms. The

defendants object to the FDA modifying their proposed search terms without first conferring with the defendants. The parties will continue to discuss any such modifications in an effort to reach an agreement.

Once the search terms are run across the collected documents, the FDA will review the resulting document set for third-party trade secrets as well as attorney-client and deliberative process privilege. The documents will then be produced to the defendants. The collection, search, review, and production will proceed on a rolling basis in the interests of time and efficiency.

*The Defendants' Addendum:* As the defendants' motion to compel made clear, the defendants believe that the documents in FDA's possession are essential to the defense and therefore to the defendant's due process rights in preparing for the trial. In all likelihood, a continuance of the trial date will be necessary to ensure the ability to gain access to these documents and incorporate them into the defense. The defendants reserve the right to move to continue the trial date, as well as the submission deadlines set forth in the Amended Pretrial Order.

Respectfully submitted,

| | |
|---|---|
| AMY WINSLOW,<br><br>By her attorney,<br><br> /s/ *William J. Trach*<br>William J. Trach (BBO #661401)<br>David C. Tolley (BBO #676222)<br>Nathan A. Sandals (BBO #696032)<br>Patricia Amselem (BBO #705088)<br>Terra Reynolds (*pro hac vice*)<br>Latham & Watkins LLP<br>200 Clarendon Street<br>Boston, MA 02116<br><br>HOSSEIN MALEKNIA,<br><br>By his attorney,<br><br> /s/ *George W. Vien*<br>Michelle R. Pascucci (BBO #690889)<br>George W. Vien (BBO #547411)<br>Emma Notis-McConarty (BBO # 696405)<br>Donnelly, Conroy, and Gelhaar LLP<br>260 Franklin Street, Suite 1600<br>Boston, MA 02110<br><br>REBA DAOUST,<br><br>By her attorney,<br><br> /s/ *Laura B. Angelini*<br>Laura B. Angelini (BBO #658647)<br>Michael J. Connolly (BBO #638611)<br>Tara A. Singh (BBO #697128)<br>Hinckley Allen<br>28 State Street<br>Boston, MA 02109-1775 | UNITED STATES OF AMERICA,<br><br>By its attorney,<br><br>JOSHUA S. LEVY<br>Acting United States Attorney<br><br> /s/ *Kelly Begg Lawrence*<br>JAMES D. HERBERT<br>KELLY BEGG LAWRENCE<br>LESLIE A. WRIGHT<br>Assistant United States Attorneys<br>John Joseph Moakley U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210 |

Dated:  May 24, 2024

## CERTIFICATE OF SERVICE

  Undersigned counsel certifies that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

*/s/ Kelly Begg Lawrence*
Kelly Begg Lawrence
Assistant U.S. Attorney

Dated:  May 24, 2024