UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>AMY WINSLOW,<br>MOHAMMAD HOSSEIN MALEKNIA, and<br>REBA DAOUST,<br><br>*Defendants.* | Case No. 1:23-cr-10094-PBS |

**DEFENDANTS' JOINT UNOPPOSED SECOND MOTION TO AMEND THE PRETRIAL ORDER WITH RESPECT TO *DAUBERT* DEADLINES**

Defendants Amy Winslow, Mohammad Hossein Maleknia, and Reba Daoust (each a "Defendant" and together, the "Defendants") respectfully move this Court to continue the *Daubert* briefing deadlines set in the Second Amended Pretrial Order in this matter, Dkt. No. 140, as further amended by the Court's Order of September 2, 2024, Dkt. No. 148. The government does not oppose the motion. As grounds for their Motion, the Defendants state as follows:

1. The government indicted the Defendants on April 4, 2023. *See* Dkt. No. 1, Indictment ("Ind.").

2. Defendants were officers and employees of Magellan Diagnostics ("Magellan"). Magellan's flagship products are the LeadCare Devices, LeadCare Ultra and LeadCare II, tools designed to detect lead blood levels in adults and children. *See id.* ¶¶ 1-5, 12-17. Ms. Winslow was Magellan's President and CEO from 2011 to 2018. Mr. Maleknia was its COO and Vice President of Operations from 2012 to 2021. Ms. Daoust was its Manager and Director of Quality Assurance and Regulatory Affairs from 2012 to 2017. *See id.* ¶¶ 2-3, 5.

3. The Court held an Initial Status Conference on August 16, 2023 and issued a Pretrial Order on September 11, 2023, which set a trial date of September 16, 2024. *See* Dkt. No. 56.

4. On March 5, 2024, the Court issued an Amended Pretrial Order, which extended the dates for expert disclosures but kept in place the trial date and other pretrial deadlines. *See* Dkt. No. 87.

5. Under Fed. R. Crim. P. 16 and Local Rule 116, the Defendants contend that the government had an obligation to produce certain internal communications documents from regulatory employees at the United States Food and Drug Administration ("FDA") and the Center for Disease Control and filed a motion to compel the production of those documents. *See* Dkt. No. 91.

6. The government opposed the Defendants' Motion to Compel. *See* Dkt. No. 102.

7. After a hearing before Judge Dein on April 25, 2024 regarding the Defendants' motion to compel, the parties conferred and agreed on the collection and production of certain FDA documents. *See* Dkt. No. 120 at 4-5. In light of that agreement, thereafter, the Defendants withdrew their Motion to Compel without prejudice. Dkt. No. 126.

8. On May 30, 2024, the Defendants filed an unopposed motion, *see* Dkt. No. 122, to continue the trial date considering the uncertainty surrounding when FDA would produce the documents subject to the parties' agreement, and the volume of such production.

9. The Court held a status conference on June 17, 2024 and continued the trial date to April 7, 2025. *See* Dkt. No. 129.

10. At that status conference, the Court and the parties discussed the schedule for briefing *Daubert* motions in light of the timing of FDA's production. At that time, the government

represented that it anticipated that FDA's production would be complete in July 2024, and the Court and the parties agreed to *Daubert* briefing deadlines based on that anticipated timing. *See* Dkt. No. 140 ¶ 3.

11. By the end of August 2024, the Defendants had still not received any documents subject to the scope of collection, search, and production to which the parties agreed in May 2024. *See supra* at ¶ 7. On August 30, 2024, the Defendants filed an unopposed motion to amend the *Daubert* briefing schedule based on the government's understanding and representation that the FDA productions would be complete by the end of September 2024. *See* Dkt. No. 147, ¶ 12. The Court granted the unopposed motion on September 2, 2024. Dkt. No. 148.

12. On September 17, 2024, the government made its first production of documents it received from FDA, which included 1,041 FDA documents subject to the scope of collection, search, and production to which the parties agreed in May 2024. *See supra* at ¶ 7. The government contemporaneously confirmed that additional FDA documents were still being collected, processed, and reviewed, such that the September 17, 2024 production did not include the full universe of documents subject to production by agreement.

13. Thereafter, the government further consulted with FDA regarding its production. On October 2, 2024, the government represented to counsel for the Defendants that its current estimate is that FDA will have processed the additional documents no sooner than mid- to late October and that FDA will then have to review the documents for privilege before producing them to the government, and before the government can produce them to the Defendants. The government has represented that it does not know the volume of documents it will receive from FDA, how long it will take FDA to conduct the privilege review, nor when it will be in a position

to produce those documents to the Defendants. The government has only represented that the privilege review is not likely to begin before mid- to late October.

14. The Defendants contend that the documents that FDA is collecting for production are important and necessary to the preparation of their defense, including their preparation of motions to exclude, in whole or in part, the testimony of the government's disclosed expert witnesses, which the FDA documents from the September 17, 2024 government production confirmed. In addition, until the Defendants receive the complete FDA production from the government, it cannot determine whether the FDA's search, collection and production is in any way deficient, and the issue may require additional motion practice.

15. As a result, and consistent with their Due Process rights under the Fifth Amendment, the Defendants move the Court to amend the *Daubert* briefing schedule as set forth in the table immediately below:

| Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Motions | October 14, 2024 | December 9, 2024 |
| Oppositions | October 28, 2024 | December 23, 2024 |
| Replies | November 8, 2024 | January 3, 2025 |
| Hearing | November 25, 2024 | Week of January 20, 2025 |

16. In light of the uncertainty surrounding the timing and volume of the government's production of FDA documents, Defendants reserve the right to move to extend all other deadlines and dates set in the Second Amended Pretrial Order, Dkt. No. 140, as necessary to protect their Due Process rights under the Fifth Amendment.

17.     Before filing this motion, counsel for the Defendants conferred with counsel for the government, which does not oppose this motion.

WHEREFORE, the Defendants respectfully request that the Court grant the Motion to:

1. Continue the *Daubert* briefing and hearing deadlines as set forth herein.

[SIGNATURE PAGE FOLLOWS]

Dated:   October 8, 2024					Respectfully submitted,

AMY WINSLOW,

By her attorneys,

*/s/ William J. Trach*
William J. Trach (BBO# 661401)
David C. Tolley (BBO# 676222)
Nathan A. Sandals (BBO# 696032)
Patricia Amselem (BBO# 705088)
Latham & Watkins LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
william.trach@lw.com
david.tolley@lw.com
nathan.sandals@lw.com
patricia.amselembensadon@lw.com

Terra Reynolds (*pro hac vice*)
Latham & Watkins LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
terra.reynolds@lw.com

MOHAMMAD HOSSEIN MALEKNIA,

By his attorneys,

*/s/ George W. Vien*
George W. Vien (BBO #547411)
Michelle R. Pascucci (BBO #690889)
Emma Notis-McConarty (BBO# 696405)
Donnelly, Conroy, and Gelhaar LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: 617-720-2880
gwv@dcglaw.com
mrp@dcglaw.com
enm@dcglaw.com

> REBA DAOUST
>
> By her attorneys,
>
> */s/ Laura B. Angelini*
> Michael J. Connolly (BBO #638611)
> Laura B. Angelini (BBO #658647)
> Tara A. Singh (BBO #697128)
> Hinckley Allen
> 28 State Street
> Boston, MA 02109-1775
> Telephone: 617-345-9000
> mconnolly@hinckleyallen.com
> langelini@hinckleyallen.com
> tsingh@hinckleyallen.com

### LOCAL RULE 7.1 AND 112.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2) and 112.1, I hereby certify that I conferred with counsel for the government regarding the relief requested in this motion, and the government does not oppose the motion or the relief requested therein.

> */s/ William J. Trach*
> William J. Trach

### CERTIFICATE OF SERVICE

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those identified as non-registered participants on October 8, 2024.

> */s/ William J. Trach*
> William J. Trach