UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>(1)  AMY WINSLOW,<br>(2)  MOHAMMAD HOSSEIN MALEKNIA, and<br>(3)  REBA DAOUST,<br><br>                Defendants. | Case No. 23-cr-10094-PBS |

## JOINT STATUS REPORT

Pursuant to Local Rule 116.5(c), the parties hereby file the following joint status report prepared in connection with the status conference scheduled for October 21, 2024.

(1)    <u>No Request for Rule 11 Hearing</u>

No defendant requests that the case be transferred to the District Court for a Rule 11 hearing.

(2)    <u>Pretrial Conferences Before the District Court</u>

The Hon. Patti B. Saris conducted an Initial Status Conference on August 16, 2023, and issued a Pretrial Order (Dkt. 56), which set a trial date of September 16, 2024. On March 5, 2024, Judge Saris issued an Amended Pretrial Order (Dkt. 87), which extended the dates for expert disclosures but kept the remaining dates, including the September 16, 2024 trial date, in place.

On April 18, 2024, the defendants filed a motion to enforce the Amended Pretrial Order (Dkt. 104, 109), which the government opposed (Dkt. 114). The motion remains pending with the Court.

On May 30, 2024, the defendants filed an unopposed motion to continue the trial date (Dkt. 122). At a Status Conference on June 17, 2024, Judge Saris allowed the motion and set a new trial date of April 7, 2025 (Dkt. 129). On July 8, 2024, Judge Saris issued a Second Amended Pretrial Order (Dkt. 140). On September 3, Judge Saris granted the parties' joint motion to extend the *Daubert* briefing deadlines (Dkt. 148).

On October 8, 2024, the defendants filed a second unopposed motion to amend the pretrial order with respect to *Daubert* deadlines (Dkt. 153). On October 15, 2024, the Court held a

status conference to discuss the motion and the timeline for the FDA's production of documents requested by the defendants. The Court granted the motion, adopting the parties' proposed *Daubert* deadlines, and scheduled a further status conference for November 25, 2024 (Dkt. 156).

(A)     <u>Discovery Produced</u>

*Government's Position*

The government has produced all discoverable material and information in the possession, custody, or control of the government under Local Rule 116(c). In total, the government's productions have included more than two million Bates-stamped pages and files. With each production, the government produced an index describing the type and origin of documents pursuant to Local Rule 116.10. Although it exceeded the government's obligations under federal and local rules, the government produced the following materials to narrow the issues and identify the relevant documents within the voluminous production: grand jury exhibits, law enforcement reports of potential witnesses, grand jury testimony of potential witnesses, and all immunity and proffer agreements, irrespective of whether the government intends to call the individual in its case-in-chief.

The government is aware of its ongoing obligation to produce discovery.

With its May 4, 2023, production, the government requested reciprocal discovery from the defendants; no such discovery has been produced at this time.

*Defendants' Position*

The defendants acknowledge that the government has produced certain categories of discovery in advance of their obligations to do so under the Federal Rules of Criminal Procedure and Local Rules for the District of Massachusetts. However, based on the defendants' ongoing review of discovery, the defendants contend that the government has failed to produce significant relevant materials that are required to be disclosed under the rules and pursuant to the government's constitutional obligations.

(B)     <u>Other Pending Discovery Requests</u>

On March 26, 2024, following the government's March 1, 2024, production and after conferring with the government, the defendants filed a motion to compel (Dkt. 91). The Court heard argument at the status conference held on April 25, 2024 (Dkt. 111). Following the April 25, 2024 hearing on the motion, the parties agreed to a procedure for obtaining additional discovery from the FDA. In light of the parties' agreed-to procedure and representations made in joint status reports (Dkt. 115, 120) and at the May 29, 2024 status conference, the Court entered an order on May 31, 2024, withdrawing the defendants' motion to compel without prejudice (Dkt. 126).

On September 17, 2024, the government produced the first batch of FDA materials responsive to the defendants' request. At the October 15, 2024 status conference before Judge Saris, the government represented that the remaining materials collected by the FDA in response to the defendants' narrowed request are being processed and will be produced on a rolling basis to the defendants as quickly as possible.

The defendants reserve their right to make further discovery requests and engage in motion practice, regardless of timing and scope of any forthcoming FDA production or any other subsequent productions. Further, the defendants have serious concerns as to the timing and volume of the government's subsequent production of FDA materials and reserve the right to seek extensions of deadlines and the trial date depending on the timing, volume, content, or deficiencies of any subsequent production.

(C)     Discovery Requests and Timing of Additional Discovery Requests

Defendants requested additional discovery by letter dated May 19, 2023, which the government responded to by letter dated June 2, 2023 and in productions dated May 24, June 2, and June 23, 2023.

Defendants requested additional discovery by letter dated June 12, 2023, which the government responded to by letter dated June 26, 2023 and in a production dated July 21, 2023.

Defendants requested additional discovery by letter dated July 28, 2023, which the government responded to by letter dated August 11, 2023 and in productions dated August 14 and August 29, 2023.

Defendants requested additional discovery by letter dated August 10, 2023, which the government responded to by letter dated August 24, 2023.

Defendants requested additional discovery by letter dated October 16, 2023, which the government responded to by letter dated October 30, 2023 and in productions dated October 31 and November 14, 2023.

Defendants requested additional discovery by letters dated February 1 and February 14, 2024, which the government responded to by letter dated February 29, 2024 and in a production dated March 1, 2024.

On March 25, 2024, defendants requested that the government identify any alleged victims by a date certain. The government responded by email on March 29, 2024. The parties' dispute regarding the timing of identification of any alleged victims was the subject of the defendants' motion to enforce the Amended Pretrial Order (Dkt. 104, 114, 119).

On March 26, 2024, the defendants filed a motion to compel production of certain FDA materials (Dkt. 91). The status of this motion is discussed above.

Defendants requested additional discovery by letter dated July 26, 2024, which the government responded to by letter dated August 20, 2024 and in a production dated August 20, 2024.

The defendants remain in the process of reviewing the government's discovery produced to date and are evaluating the need for any additional requests.

*Government's Position*:

Any additional discovery requests shall be made, or discovery motions shall be filed, by November 25, 2024.

*Defendants' Position*:

Because the government has not completed its production of the FDA documents, it is premature to set a final date for discovery motions or requests. Instead, the defendants request a further status conference in 60 days.

(D)   <u>Motions Under Fed. R. Crim. P. 12(b)</u>

No dispositive or severance motions were filed on or before the December 4, 2023 deadline. *See* Dkt. 69.

(E)   <u>Periods of Excludable Delay under the Speedy Trial Act</u>

This Court has previously excluded the time from April 4, 2023 until October 21, 2024 (Dkt. 15, 29, 39, 47, 63, 67, 74, 79, 96, 113, 125, 137, 152). The District Court excluded all time until April 7, 2025 (Dkt. 131), pursuant to 18 U.S.C. §3161(h)(7)(A), in the interests of justice, *e.g.,* review of the case, review of evidence, investigation, evaluation of discovery and dispositive motions, and consideration of alternatives concerning how best to proceed with this matter, support the requested exclusion of time.

(F)   <u>Estimated Length of Trial</u>

The government estimates its case in chief will take 20-25 trial days, including cross examination by the defendants. The defendants estimate that their defense case will take 6-8 trial days.

Respectfully submitted,

| | |
|---|---|
| AMY WINSLOW, | UNITED STATES OF AMERICA, |
| | |
| By her attorney, | By its attorney, |
| | |
| /s/ William J. Trach | JOSHUA S. LEVY |
| William J. Trach (BBO #661401) | Acting United States Attorney |
| David C. Tolley (BBO #676222) | |
| Nathan A. Sandals (BBO #696032) | /s/ Kelly Begg Lawrence |
| Patricia Amselem (BBO #705088) | JAMES D. HERBERT |
| Terra Reynolds (*pro hac vice*) | KELLY BEGG LAWRENCE |
| Latham & Watkins LLP | LESLIE A. WRIGHT |
| 200 Clarendon Street | Assistant United States Attorneys |
| Boston, MA 02116 | John Joseph Moakley U.S. Courthouse |
| | One Courthouse Way, Suite 9200 |
| HOSSEIN MALEKNIA, | Boston, MA 02210 |
| | |
| By his attorney, | |
| | |
| /s/ George W. Vien | |
| Michelle R. Pascucci (BBO #690889) | |
| George W. Vien (BBO #547411) | |
| Emma Notis-McConarty (BBO # 696405) | |
| Donnelly, Conroy, and Gelhaar LLP | |
| 260 Franklin Street, Suite 1600 | |
| Boston, MA 02110 | |
| | |
| REBA DAOUST, | |
| | |
| By her attorney, | |
| | |
| /s/ Laura B. Angelini | |
| Laura B. Angelini (BBO #658647) | |
| Michael J. Connolly (BBO #638611) | |
| Tara A. Singh (BBO #697128) | |
| Hinckley Allen | |
| 28 State Street | |
| Boston, MA 02109-1775 | |

Dated:  October 17, 2024

<u>**CERTIFICATE OF SERVICE**</u>

Undersigned counsel certifies that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

<u>/s/ Kelly Begg Lawrence</u>
Kelly Begg Lawrence
Assistant U.S. Attorney

Dated:  October 17, 2024