UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) AMY WINSLOW,<br>(2) MOHAMMAD HOSSEIN MALEKNIA,<br>and<br>(3) REBA DAOUST,<br><br>                    Defendants | No. 23-cr-10094-PBS |

### GOVERNMENT'S MOTION TO SET A DEADLINE
### FOR DEFENDANTS TO GIVE NOTICE WHETHER THEY WILL
### RELY ON ADVICE-OF-COUNSEL OR INVOLVEMENT-OF-COUNSEL

The United States of America, by and through its undersigned counsel, moves for an Order requiring the defendants to: (1) give notice by January 24, 2025 whether they will seek to introduce evidence of advice-of-counsel or involvement-of-counsel at trial, and (2) make any required disclosures in support of such a defense no later than 60 days before trial.[1]

This request is consistent with the weight of the law and established practice in federal courts. It would be unfair, and contrary to law, to permit the defendants to make such claims at trial, without leaving the government sufficient time to review materials over which the privilege has been waived. *See In re Keeper of Records (Grand Jury Subpoena Addressed to XYZ Corp.)*, 348 F.3d 16, 23-24 (1st Cir. 2003) (implied waivers of attorney client privilege "are almost invariably premised on fairness concerns") (citing *von Bulow v. von Bulow*, 828 F.2d 94, 101-03

---

[1] Courts have referred to advice-of-counsel and involvement-of-counsel as "defenses," even though "evidence concerning the presence, involvement and even advice of lawyers in relevant events is viewed best as evidence probative of the defendant's intent . . . or lack thereof." *United States v. Bankman-Fried*, 2023 WL 6392718, at *1 (S.D.N.Y. Oct. 1, 2023).

(2d Cir. 1987)); *see also United States* v. *Gorski*, 36 F. Supp. 3d 256, 268 (D. Mass. 2014) (defendant cannot use privilege as sword and shield, and cannot selectively waive privilege) (citation omitted).  Assuming the defendants intend to rely on materials and information as to which Magellan asserts the attorney-client privilege, prompt notice by the defendants is even more important to allow the Court to determine whether the defendants' need for the material to mount a defense should take precedence over Magellan's privilege.  An election to rely on advice-of-counsel made at or close to the start of trial could result in delays during trial.

## BACKGROUND

The defendants, former executives of Magellan Diagnostics, Inc., are charged with defrauding their customers and the FDA by hiding a serious malfunction in the blood lead testing devices produced by Magellan and then deceiving customers and the FDA about the nature and extent of the malfunction and when it was discovered, among other things.  *See* Indictment ¶ 11. Count One charges conspiracy to commit wire fraud against their customers, in violation of 18 U.S.C. § 1349.  Counts Two and Three charge substantive wire fraud against customers, in violation of 18 U.S.C. § 1343. Count Four charges conspiracy to defraud the FDA, in violation of 18 U.S.C. § 371.  Counts Five and Six charge introduction of misbranded medical devices into interstate commerce with the intent to defraud and mislead, in violation of 21 U.S.C. §§ 331(a) and 333(a)(2).  All the charges, then, require the government to prove specific intent to defraud.

In their motions to exclude government expert testimony (Dkt. Nos. 182 and 183), the defendants say, "Magellan … sought and received legal advice from outside counsel with expertise in FDA regulatory requirements," and "[i]n November 2014, acting on advice from its regulatory consultant and outside counsel, Magellan sent a letter to all LeadCare Ultra customers instructing them to implement a 24-hour incubation protocol."  *See* Defendants' Motion to Exclude Expert Testimony of Dr. Adrienne Ettinger (Dkt. No. 182) ("Ettinger Motion") at 6.  They further say that

"Magellan has asserted privilege over the legal advice it received from counsel. The Defendants reserve the right to challenge Magellan's refusal to waive privilege for purposes of their defense." *Id.* n.7. The defendants have not provided any details about this legal advice.

## ARGUMENT

I. **The Court Should Order the Defendants to Disclose Whether They Plan to Invoke Advice-of-Counsel or Involvement-of-Counsel**

As noted, the defendants have intimated, but not confirmed, that they may defend their conduct by claiming that they lacked the necessary *mens rea* either based upon a formal advice-of-counsel defense or based upon the involvement of counsel in the relevant decisions.[2] Whether under (i) the rubric of a formal advice-of-counsel defense; or (ii) a "lack-of-*mens-rea* defense" based on involvement of counsel, a defendant's "decision to raise the advice or involvement of counsel may serve as a waiver of the attorney-client privilege." *Gorski*, 36 F. Supp. 3d at 268 (citing *XYZ Corp.*, 348 F.3d at 24). In this case, the situation is complicated by the fact that the defendants are former employees, and the attorney-client privilege, if it exists, may belong to Magellan. Accordingly, in order to prevent the defendants from ambushing the government with evidence of the company's attorneys' advice *or involvement* in the conduct at issue, the Court should require the defendants to make their decision and produce all the documents at issue in their possession, custody, and control, and specifically proffer any documents or evidence not in their

---

[2] To make out the formal advice-of-counsel defense, a defendant must establish that "(1) before taking action, (2) he in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) and made a full and accurate report to his attorney of all material facts which the defendant knew, (5) and acted strictly in accordance with the advice of his attorney who had been given a full report." *Gorski*, 36 F. Supp. 3d at 267 (citing *Liss v. United States*, 915 F.2d 287, 291 (7th Cir. 1990)).

possession, custody, or control, prior to trial. *See United States v. Liberty*, 19-cr-00030-GZS, 2020 WL 6386388, at *3 (D. Me. Oct. 30, 2020).

Where a party puts otherwise protected information at issue "for some personal benefit through some affirmative act," courts have found that protecting against disclosure of that information would be fundamentally unfair to the opposing party. *XYZ Corp.*, 348 F.3d at 24. The "paradigmatic example of this phenomenon is a case involving the advice of counsel defense." *Id*. In cases involving a defendant's reliance on advice-of-counsel, "[i]mplying a subject matter waiver . . . ensures fairness because it disables litigants from using the attorney-client privilege as both a sword and a shield." *Id*. Were "the law otherwise, the client could selectively disclose fragments helpful to its cause, entomb other (unhelpful) fragments, and in that way kidnap the truth-seeking process." *Id*. *See also In re Kellogg Brown & Root, Inc.*, 796 F.3d 137, 145 ("[T]he attorney-client privilege cannot at once be used as a shield and a sword") (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).

As Judge Saylor described the issue in *Gorski*, the rule that raising advice-of-counsel or involvement-of-counsel may result in a waiver, "is premised on notions of basic fairness and common sense. Put simply, a defendant cannot have it both ways; he cannot claim he relied in good faith on the advice of counsel while using the privilege to prevent inquiry into the nature of his interactions with that counsel." *Gorski*, 36 F. Supp. 3d at 268. Moreover, defendants cannot "engage in selective disclosure, revealing some communications and claiming the privilege as to others." *Id*. (citing *XYZ Corp.*, 348 F.3d at 24). While not "every passing reference to counsel will . . . trigger a waiver of the privilege," and whether "such a waiver is triggered necessarily depends on the facts and circumstances of the case," the "touchstone is fairness." *Id*. (citations omitted). In short, "a defendant cannot put his attorney's advice or involvement at issue in a case and then claim a privilege as to the details of that advice or involvement." *Id*.

4

To address these fairness concerns, the Court has inherent authority "to impose disclosure and notice requirements outside the Federal Rules of Criminal Procedure," including with respect to advice-of-counsel and involvement-of-counsel. *United States v. Mubayyid*, 2007 WL 1826067, at *2 (D. Mass. June 22, 2007) (citing *United States v. Beckford*, 926 F. Supp. 748, 755-58 (E.D. Va. 1997)); *see also United States v. Crowder*, 325 F. Supp. 3d 131, 138 (D.D.C. 2018) ("Courts have broad discretion to impose disclosure and notice requirements outside the [Federal Rules of Criminal Procedure]."). *But see, e.g., United States v. Ray*, 2021 WL 5493839, at *4 (S.D.N.Y. Nov. 22, 2021) (declining to impose notice requirement and collecting cases regarding same). In addition to Judge Saylor's ruling in *Gorski*, at least one other court in this circuit, the District of Maine, has required defendants to produce all matters relevant to advice-of-counsel or involvement-of-counsel prior to trial. *Liberty*, 2020 WL 6386388, at *3 (holding, "if either Defendant intends to pursue an involvement-of-counsel argument, the Court will require that the Defendant waive attorney-client privilege as to the attorneys and matters involved and produce all materials relevant to that argument," and setting a pretrial deadline for such production).

Similarly, in *Liberty*, defendants charged with wire fraud, securities fraud, and conspiracy to commit wire fraud and money laundering argued that they could advance an involvement-of-counsel argument "without disclosing any confidential communications and thereby avoid an implied waiver." 2020 WL 6386388, at *3. The court rejected that argument, stating: "In the Court's view, Defendants propose to use the mere involvement of specialized securities counsel as a[n] inferential sword with respect to intent. To counter such an inference, the government is entitled to probe the communications between these attorneys and defendants. It would be fundamentally unfair to allow Defendants to invoke the shield of attorney-client privilege under these circumstances." *Id*. The court then set a March 1, 2021 deadline (for an April 2021 trial), for the defendants to notify the court of their decision regarding whether they would rely on advice-

5

of-counsel or involvement-of-counsel. *Id*. at *3, n 3.[3]  *See also Memory Bowl v. North Pointe Ins. Co.*, 280 F.R.D. 181, 186 (D.N.J. 2012) (setting deadline for defendant to advise whether it would rely on advice-of-counsel during the fact discovery period and well before trial).

In *Crowder*, the defendants were charged with a scheme to defraud the District of Columbia Public Schools. The government moved to require the defendants to advise, pretrial, whether they would rely on advice-of-counsel. *Crowder*, 325 F. Supp. 3d at 131. The district court cited Judge Saylor's holding in *Mubayyid* for the proposition that district courts have inherent authority and broad discretion to "impose disclosure and notice requirements outside the [Federal Rules of Criminal Procedure.]" *Id*. at 138 (citing *Mubayyid*, 2007 WL 1826067, at *2). The court went on to state that because the defendants' "'decision on [whether to assert advice-of-counsel] may impact the scope of discovery otherwise permitted' or ordered, and thus risk[] unnecessary interruption and delay if asserted at trial" it would grant the government's motion for "pretrial notice and discovery of advice-of-counsel defense." *Id*.

As is apparent from a review of the First Circuit's holding in *XZY Corp.*, and the holdings in *Gorski, Liberty, Mubayyid*, *Crowder*, and others, it is well-established law that defendants cannot use the attorney-client privilege as both sword and shield. *See also United States v. Teva Pharms. USA, Inc., et al.*, No. 20-cv-11548-NMG, ECF No. 50 (D. Mass. Dec. 16, 2021) (in AKS-predicated False Claims Act ("FCA") case, the court required defendants to decide whether they

---

[3] The *Liberty* court further ordered that a defendant "who does not complete a production by that date shall request the opportunity to make a proffer outside the hearing of the jury before presenting any involvement-of-counsel argument or related evidence at trial. At that time, counsel will be required to explain what previously unavailable evidence resulted in their change of position. If the Government contends that the evidence was available to the Defendants prior to March 1, 2021, the Court will consider limiting each Defendant's ability to pursue an involvement-of-counsel argument at trial." *Liberty*, 2020 WL 6386388, at *3.

"will assert an advice of counsel or good faith reliance on counsel defense," on or before May 19, 2022, more than one year before the scheduled September 18, 2023 trial date). If the defendants here raise arguments based on reliance on advice-of-counsel or involvement-of-counsel, they will waive any privilege they hold, and the government would be entitled to the full scope of the communications they possess on the subject. As the *Crowder* court put it: "[t]he only question, then, is whether defendants may raise the defense for the first time at trial or whether they must instead notify the government at some point before trial to allow for a period of discovery and preparation." *Crowder*, 325 F. Supp. 3d at 139. While there are dissenting views among the federal courts, the weight of the case law supports requiring the defendants to make an election prior to trial. *See, e.g., Liberty*, 2020 WL 6386388, at *3; *Crowder*, 325 F. Supp. 3d at 139; *United States v. Cooper*, 283 F. Supp. 2d 1215, 1225 (D. Kan. 2003); *United States v. Hatfield*, 2010 WL 183522, at * 13 (E.D.N.Y. Jan. 8, 2010); *United States v. Scali*, 2018 WL 461441, at *8 (S.D.N.Y. Jan 18, 2018). Doing so will minimize the risk of "unnecessary disruption and delay" that will follow if the defendants assert advice-of-counsel or involvement-of-counsel at trial without prior notice. *Crowder*, 325 F. Supp. 3d at 138. It would also "be fundamentally unfair to allow [d]efendants to invoke the shield of attorney-client privilege" without allowing the government "to probe the communications between [] attorneys and [d]efendants," given the defendants' proposal to use the "mere involvement" of counsel as an "inferential sword with respect to intent." *Liberty*, 2020 WL 6386388, at *3. *Cf. United States* v. *W.R. Grace,* 439 F.Supp.2d 1125, 1144 (D. Montana 2006) ("in this case, the sword and the shield are wielded by different parties").

    Assuming Magellan holds the privilege, and not the individual defendants, the Court may need to determine whether the defendants' need for the materials or information for their defense supersedes Magellan's attorney-client privilege. *See* Ettinger Motion at 6 n.7. The defendants cannot indefinitely, however, "reserve the right" to challenge Magellan's privilege over documents

7

and information they claim is material to their defense. If they intend to assert an advice-of-counsel or involvement-of-counsel defense, the Court will need to review the materials before trial and weigh the competing interests to see which takes precedence. *See W.R. Grace,* 439 F. Supp. 2d at 1142 ("The nature and content of the privileged evidence [which the court examined *ex parte*] must be weighed against the purposes served by the attorney-client privilege to determine whether any of the documents are of such value as to require Grace's rights under the attorney-client privilege to yield to the individual Defendants' Sixth Amendment right to present evidence"); *United States* v. *Chin, et al.*, No. 21-cr-10256-IT, 2024 WL 2883366, at *3-4 (D. Mass. June 7, 2024) (balancing interests by requiring privilege holder to provide government with privilege log and provide relevant documents to court under seal, requiring defendants to provide pretrial notice of intent to raise advice/involvement of counsel defense, and anticipating that if such a defense is asserted, the court will refer review of the sealed documents to the magistrate judge for *in camera* review, unseal the relevant documents, and order them produced to the government); *United States* v. *Mix,* No. 12-171, 2012 WL 2420016, at *3 (E.D. La. June 26, 2012) ("obviously the decision must be made before trial"); Susan B. Heyman, "Corporate Privilege and an Individual's Right to Defend," 85 GEO. WASH. L. REV. 1112, 1146-50 (2017). This process can take time, particularly under the circumstances of this case, which is why the notice and disclosures should take place well before trial.

      The government has consulted with counsel for the defendants who have indicated that they will oppose this motion.

## CONCLUSION

The Court should order the defendants to advise the Court and the government by January 24, 2025 whether they will rely on advice-of-counsel or involvement-of-counsel and, if so, to produce any relevant information, documents, and communications no later than 60 days before trial and to provide a detailed description of any relevant documents and communications not in their possession, custody, or control.

        Respectfully submitted,

        JOSHUA S. LEVY
        United States Attorney

By:   */s/ James D. Herbert*
        JAMES D. HERBERT
        KELLY BEGG LAWRENCE
        LESLIE WRIGHT
        Assistant United States Attorneys
        John Joseph Moakley U.S. Courthouse
        One Courthouse Way, Suite 9200
        Boston, MA 02210

Dated: January 7, 2025

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

        */s/ James D. Herbert*
        James D. Herbert
        Assistant United States Attorney

Dated:  January 7, 2025