UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　*v.*<br><br>AMY WINSLOW,<br>MOHAMMAD HOSSEIN MALENKIA, and<br>REBA DAOUST,<br><br>　　　　　*Defendants.* | Case No. 1:23-cr-10094-PBS |

**DEFENDANTS' MOTION TO COMPEL REPRESENTATIONS MADE BY THE GOVERNMENT TO WITNESSES AND THEIR ATTORNEYS IN ORDER TO INFLUENCE WITNESS TESTIMONY AND THE CONTENT OF ANY ATTORNEY PROFFERS**

Defendants Amy Winslow, Mohammad Hossein Maleknia, and Reba Daoust (each a "Defendant" and together, the "Defendants") move to compel (1) any representations that the government made to witnesses as to threats of potential prosecution or promises of inducements, and (2) any presentations or attorney proffers made by attorneys for witnesses to the government. During its investigation, the government may have told witnesses or counsel for these witnesses that the witnesses needed to make certain statements (or correct past statements) to avoid criminal prosecution or to obtain significant benefits, such as immunity. Any such representations are relevant to the Defendants' upcoming sentencing hearings because the government likely will rely on the grand jury testimony or proffer statements of witnesses to prove certain enhancements apply or to disprove factual statements of the Defendants that differ from the government's preferred view of the case. So too, any attorney presentations or proffers made to the government may contain information undercutting the government's claims regarding enhancements and the

1

severity of the offenses to which the Defendants pleaded guilty. Given that *Brady* applies equally to proceedings affecting guilt and punishment (and therefore sentencing), the guilty pleas of the Defendants do not absolve the government from producing this material. The Defendants respectfully request that the Court compel the government to produce any such evidence.

## FACTUAL BACKGROUND

On February 25, 2025, defense counsel sent the government a letter requesting any potentially exculpatory material withheld from the defense. Among other things, defense counsel requested "[a]ll proffers, letters, white papers, or presentations (whether oral or written) submitted by counsel for unindicted co-coconspirators and witnesses to the United States Attorney's Office regarding the Magellan investigation or his case," "[a]ll promises, rewards, and inducements offered by the United States Attorney's Office to counsel for unindicted co-conspirators and witnesses, including prosecutors' assessments of the truthfulness of a witness's statements" and "[a]ll warnings or threats of prosecution by the United States Attorney's Office to the unindicted co-conspirators and witnesses (either directly or through counsel)." Feb. 25, 2025, Letter at 2 (attached hereto as Exhibit A).

Despite defense counsel following up on their initial email twice, the government did not respond until March 13, 2025. The government stated that it was "unaware of any information in the government's possession that is (1) unknown to the defense and (2) tends to diminish the degree of the defendants' culpability or offense level under the Sentencing Guidelines." March 13, 2025 Email (attached hereto as Exhibit B). The government did not state either way whether

there were any "proffers, letters, white papers, or presentations," "promises, rewards, and inducements," or "warnings or threats" as described in the Defendants' letter.

Following significant pretrial preparation, the Defendants entered guilty pleas in March 2025. Ms. Daoust pleaded guilty on March 5, 2025, to making false statements in violation of 18 U.S.C. § 1001(a)(1). Dkt. Nos. 248, 260. Mr. Maleknia pleaded guilty on March 7, 2025, to two counts of introducing misbranded medical devices into interstate commerce in violation of 21 U.S.C. §§ 331(a) and 333(a)(2). Dkt. Nos. 251, 280. Ms. Winslow pleaded guilty on March 10, 2025, to one count of introducing misbranded medical devices into interstate commerce in violation of 21 U.S.C. §§ 331(a) and 333(a)(2). Dkt. Nos. 282, 284. Sentencing is scheduled for Mr. Daoust on June 24, 2025 (Dk. No. 260), for Mr. Maleknia on June 26, 2025 (Dkt. No. 280), and for Ms. Winslow on July 23, 2025 (Dkt. No. 284).

## ARGUMENT

"[T]he government must produce all evidence that is both material and favorable to the defense under *Brady v. Maryland*, and any documents or other evidence that are 'material to preparing the defense' under Federal Rule of Criminal Procedure 16(a)(1)(E)." *United States v. Zhen Zhou Wu*, 680 F. Supp. 2d 287, 290 (D. Mass. 2010). The requirements of *Brady* apply with equal force to guilt and punishment, *see Cone v. Bell*, 556 U.S. 449, 452 (2009) (remanding case where withheld evidence, although immaterial to whether the defendant committed a crime, was potentially material to his sentence), and to impeachment evidence, *see United States v. Bagley*, 473 U.S. 667, 676 (1985). The government likely will rely on statements provided by witnesses during proffers and in grand jury testimony at the upcoming sentencing hearings of the Defendants. To the extent that the government made representations to these witnesses or to counsel for these witnesses of what the witnesses needed to say to avoid criminal prosecution or

3

to obtain benefits (for example, immunity), such representations must be disclosed. Likewise, if information provided during attorney proffers or presentations would undercut the government's expected claims at the upcoming sentencing hearings, such information must be produced.

1. **Evidence of Representations to Witnesses or Their Counsel and Evidence Provided During Attorney Proffers Are Discoverable Under *Brady***

Throughout discovery, the government produced hundreds of pages of interview reports and grand jury testimony to the Defendants. Many witnesses, including witnesses whom the government intended to call at trial, met with the government multiple times, over multiple months and, at times, years. So too, many of these witnesses received some form of immunity, either from the government or as ordered by the Court under 18 U.S.C. §§ 6002 and 6003.

Any representations made to these individuals (or their counsel) to influence their statements and grand jury testimony must be disclosed. *See United States v. Nacchio*, 2006 WL 8439750, at *9 (D. Colo. Aug. 28, 2006) (allowing defendant's request for "any notes or proffers evincing improper or suggestive questioning that lead to . . . changed testimony" under *Brady*); *United States v. Buendo*, 701 F. Supp. 937, 943 (D. Mass. 1988) ("[S]tatements made by government officials containing subtle threats must be disclosed within the automatic discovery rule even if accompanied by language that no firm promises are being made."). Discoverable representations would include threats of prosecution, promises of immunity or leniency, or statements made to a witness or their counsel of what the witness would need to say to obtain immunity. Likewise, if the government assessed a witness' proffer statement and suggested in any way to the witness or their counsel that the witness was not where they needed to be in order to receive immunity or avoid prosecution, such representations must be disclosed.

Magistrate Judge Page Kelley recently found that similar statements by the government would constitute *Brady* material in *United States v. Chin*:

4

> [O]bviously, if the government promised a potential witness against the defendants that he would not be prosecuted criminally if he made factual admissions in order to settle the civil case against him, this information would be exculpatory and should be provided to defendants.

Order on Defs.' Mot. to Compel Discovery at 12, *United States v. Chin*, 1:21-cr-10256 (Oct. 13, 2023). While Judge Kelley ultimately rejected the defendants' request for such information, in *Chin*, the government had represented that "[a]t no time did the government promise any settling surgeon that entering into a civil settlement would prevent the government from pursuing criminal prosecution." *Id.* at 10. The government has made no such representation here.

Lastly, attorney presentations, attorney proffers, or white papers provided to the government by counsel for witnesses may contain information that undercuts claims the government intends to assert at sentencing. Such information must be produced. *See United States v. Blankenship*, 2015 WL 3687864, at *7 (S.D. W. Va. June 12, 2015) ("To the extent the Defendant has separately requested handwritten notes and attorney proffers which fall under *Brady*, the Court finds that the *substance* of the same should, of course, be produced." (emphasis in the original)).

2. **The Requested Evidence Impeaches Witnesses Whose Proffer Statements and Grand Jury Testimony the Government Will Likely Rely on at Sentencing**

Moreover, the government's assertion that the requested evidence would not "tend[] to diminish the degree of the defendants' culpability or offense level under the Sentencing Guidelines" is unavailing (Ex. A at 2), particularly in light of the significant disputes between the government and the Defendants.

The government intends to pursue multiple sentencing enhancements against Mr. Maleknia and Ms. Winslow. As but one example, the government will argue that enhancements for the "Defendant's role in the offense" apply to these two Defendants under U.S.S.G. § 3B1.1. H. Maleknia Plea Agreement (Dkt. No. 251) at 2; A. Winslow Plea Agreement (Dkt. No. 282) at

5

2.  Yet the government cannot prove their role in the offense by virtue of their management positions at the company, standing alone: the government must prove that these individuals had "greater responsibility . . . reflected in the defendant's actions relative to another participant, not in the mere fact of greater experience." *United States v. Frankhauser*, 80 F.3d 641, 655 (1st Cir. 1996).  To make such a showing, the government will necessarily rely on the statements of witnesses who worked with Ms. Winslow and Mr. Maleknia.  The government also will likely rely on any number of witness statements or grand jury testimony to make arguments under 18 U.S.C. § 3553(a), which lists factors the Court must consider at sentencing.  *See* 18 U.S.C. § 3553(a) (setting forth what factors the court "shall" consider "in determining the particular sentence to be imposed").

Similarly, the government has submitted a sprawling statement of offense conduct to the United States Probation Office that includes allegations to which no defendant pleaded guilty.  The government will rely on witness statements in an attempt to buttress these allegations.  For example, the parties disagree as to when the malfunction affecting the LeadCare devices was discovered.  *See* H. Maleknia Rule 11 Tr. at 17 ("[W]hether [Mr. Maleknia] was right or wrong, he looked at those studies and concluded . . . that the 2013 studies not indicate a lead suppression issue . . . ").  While the Guidelines for fraud under U.S.S.G. § 2B1.1 should not apply at the Defendants' sentencing hearings (another issue disputed by the government), if the Court *were* to apply these Guidelines, the question of what the Defendants knew when could affect the projected loss, in turn impacting the application of U.S.S.G. § 2B1.1(b)(1).  Particularly given the absence of documents in which any Defendant professes knowledge of a malfunction in 2013, the Defendants expect that the government may try to rely on witness statements and grand jury testimony in an effort to prove the Defendants' knowledge prior to 2014.

Given the importance of witness testimony and proffer statements at the upcoming sentencing hearings, any representations from government attorneys to these witnesses or their counsel that would tend to impeach the credibility of those statements must be disclosed. *See United States v. Aviles-Colon*, 536 F.3d 1, 21-22 (1st Cir. 2008) (vacating conviction and sentence where DEA report relevant to impeachment was not disclosed to the defendant). Similarly, attorney proffers, submissions, or presentations that would undermine the government's claims at the upcoming sentencing hearings should be produced.

## CONCLUSION

For the reasons stated above, Defendants' motion to compel should be ALLOWED.

Dated: April 8, 2025

Respectfully submitted,

AMY WINSLOW,

By her attorneys,

/s/ *Nathan A. Sandals*
William J. Trach (BBO# 661401)
David C. Tolley (BBO# 676222)
Nathan A. Sandals (BBO# 696032)
Patricia Amselem (BBO# 705088)
Latham & Watkins LLP
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6000
william.trach@lw.com
david.tolley@lw.com
nathan.sandals@lw.com
patricia.amselembensadon@lw.com

Terra Reynolds (*pro hac vice*)
Latham & Watkins LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
terra.reynolds@lw.com

HOSSEIN MALEKNIA,

By his attorneys,

*/s/ George W. Vien*
George W. Vien (BBO #547411)
Michelle R. Pascucci (BBO #690889)
Emma Notis-McConarty (BBO# 696405)
Donnelly, Conroy, and Gelhaar LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: 617-720-2880
gwv@dcglaw.com
mrp@dcglaw.com
enm@dcglaw.com

REBA DAOUST

By her attorneys,

*/s/ Laura Angelini*
Michael J. Connolly (BBO #638611)
Laura B. Angelini (BBO #658647)
Tara A. Singh (BBO #697128)
Hinckley Allen
28 State Street
Boston, MA 02109-1775
Telephone: 617-345-9000
mconnolly@hinckleyallen.com
langelini@hinckleyallen.com
tsingh@hinckleyallen.com

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for the Defendants have in good faith conferred with counsel for the government to resolve or narrow the issues presented in this motion, and that the disputed issues remain unresolved.

/s/ *Michelle R. Pascucci*
Michelle R. Pascucci

**CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those identified as non-registered participants on April 8, 2025.

/s/ *Michelle R. Pascucci*
Michelle R. Pascucci