UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AMY WINSLOW,<br>MOHAMMAD HOSSEIN MALEKNIA, and<br>REBA DAOUST,<br><br>Defendants | Criminal No. 23-10094-PBS |

**GOVERNMENT'S STATUS REPORT**
**REGARDING SENTENCING PROCEEDINGS**

In accordance with the Court's modified order (*see* Dkts. 321, 324), the government submits this status report regarding how the defendants' sentencing hearings are to proceed in light of the Court's ruling that USSG §2B1.1 applies to the offense to which defendants Amy Winslow and Hossein Maleknia pled guilty (introduction of misbranded medical devices into interstate commerce with intent to defraud or mislead, in violation of 21 U.S.C. §§331(a), 333(a)(2)).[1]

**Procedural Background**

Prior to the status conference held in place of sentencing on June 26, 2025 (*see* Dkt. 321), the Probation Office issued final Presentence Investigation Reports (PSRs) for Daoust and Maleknia (which addressed the objections submitted by the parties, including objections related to the defendants' guidelines calculations) and an initial PSR for Winslow.[2] In advance of the

---

[1] Defendant Reba Daoust pled guilty to a different offense: false statements, in violation of 18 U.S.C. §1001(a)(1). While the Probation Office's guidelines calculation for Daoust differs from the calculation agreed to by the parties in the plea agreement, there is no disagreement that §2B1.1 is the applicable guideline.

[2] The deadline for objections to Winslow's PSR was previously July 2, 2025 (*i.e.*, after the June 26 hearing). In light of the vacatur of all defendants' sentencing dates, that deadline has been re-set (with objections due 21 days prior to the date of sentencing).

1

hearing, Maleknia, Winslow, and the government each submitted a memorandum in support of their respective positions on the applicable guidelines provisions. *See* Dkts. 315, 316, 319. Daoust joined the hearing but did not submit a memorandum. The hearing focused on the threshold question of whether Maleknia's and Winslow's offense involved fraud, rendering §2B1.1 the applicable guideline. The Court took this question and all related guidelines disputes under advisement and ordered the government to file a status report with a proposal as to how to proceed (*i.e.*, whether an evidentiary hearing would be required and, if so, what such a hearing would entail), with a response to be filed by the defendants. *See* Dkt. 321. On July 1, 2025, the Court issued an order finding that §2B1.1 applies as a matter of law and amending its prior order to "clarify that the status report due from the government . . . and any response by the defendants . . . should address how the parties wish to proceed with a hearing on the applicability of enhancements, including the number of victims, loss amount, and role in the offense." Dkt. 324.

### Government's Position

The government respectfully submits that now that the Court has decided the threshold question of which guideline applies, the defendants' sentencing hearings should proceed as they would in the normal course. With respect to Maleknia, the Court has both the final PSR and the parties' memoranda setting forth their positions on the guidelines calculation. For Winslow, only the final PSR (with the parties' objections to the initial PSR and Probation's responses thereto) is outstanding. The government therefore respectfully requests that the Court set sentencing dates for both Maleknia and Winslow and deadlines prior thereto for the submission of sentencing memoranda addressing the 18 U.S.C. §3553(a) factors and, if necessary, supplementing arguments regarding the applicability of certain adjustments under §2B1.1 (specifically, loss, ten or more victims, risk of death/serious bodily injury, and role in the offense). The government respectfully

urges the Court to decide the remaining guidelines issues on the papers, and based on the parties' arguments at sentencing, without the need for an evidentiary hearing.

The same course is appropriate for Daoust, the only difference being that she has not yet submitted a memorandum addressing the guidelines calculation for the offense to which she pled guilty. Those issues are addressed in Daoust's PSR and the parties' objections thereto, and the government's position is also set forth in its memorandum encompassing all three defendants (Dkt. 316). Therefore, here too, the government suggests that the Court set a sentencing date and a deadline for the submission of sentencing memoranda, with the understanding that Daoust's memo in particular will address both the applicable guidelines provisions and the §3553(a) factors. Although the Court must determine the correct guidelines calculation, the government notes that the parties agreed to a calculation in Daoust's plea agreement that does not include any increases based on the specific offense characteristics in §2B1.1, and the government will not argue for a different calculation at sentencing.

        Respectfully submitted,

        LEAH B. FOLEY
        United States Attorney

By:    */s/ Leslie A. Wright*
        LESLIE A. WRIGHT
        MACKENZIE A. QUEENIN
        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

      Undersigned counsel certifies that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                              */s/ Leslie A. Wright*
                                              LESLIE A. WRIGHT
                                              Assistant United States Attorney

Dated: July 9, 2025